UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY A. ZIERKE, | : | CIVIL ACTION NO. 3:CV-12-1394 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

FILED
SCRANTON
DEC 1 3 2012
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Gary A. Zierke, an inmate currently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the District of Nebraska. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## Procedural Background

On April 22, 2009, Petitioner was sentenced in the United States District Court for the District of Nebraska to 360 months imprisonment on one (1) count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006), and Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1). See USA v. Zierke, Criminal Action No. 4:08-CR-03067 (D. Neb. April 24, 2008).

On April 23, 2009, Zierke filed a direct appeal of his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. See USA v. Zierke, Civil No. 09-2005 (8th Cir. May 1, 2009). Zierke challenged the evidentiary rulings of audio recordings and testimony of

witnesses, as well as the sufficiency of evidence to uphold his conviction. Id. On August 24, 2010, the appellate court found no errors and affirmed the judgment of the District Court. Id.

On August 18, 2010, Zierke filed a motion for writ of mandamus in the United States District Court for the District of Nebraska seeking to indict attorney Matt Molsen, and to compel an officer or employee of the United States to perform a duty owed to him. See Zierke, Civil No. 4:08-CR-03067. On August 27, 2010, Zierke filed a notice of Appeal to the Eighth Circuit Court of Appeals, which affirmed the District Court on October 15, 2010. See USA v. Zierke, Civil No. 10-2993 (8th Cir. September 9, 2010).

On September 7, 2010, Petitioner filed a motion filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Zierke, Civil No. 4:08-CR-03067. In his motion, Zierke claimed he received newly discovered evidence of prosecutorial misconduct. Id. On September 15, 2010, the District Court denied Zierke's motion. Id. On October 12, 2010, Petitioner filed an appeal of the denial of his § 2255 motion, and the United States Court of Appeals for the Eighth Circuit denied his request for a certificate of appealability on February 3, 2011. See USA v. Zierke, Civil No. 10-3242 (8th Cir. October 12, 2010). On January 20, 2012, Zierke filed a petition for writ of certiorari with the United States Supreme Court. See USA v. Zierke, Civil No. 11-2890 (8th Cir. September 1, 2011). On February 27, 2012, the Supreme Court denied the writ of certiorari. Id.

On February 29, 2012, Zierke filed a notice of appeal with the Eighth Circuit Court of Appeals regarding a motion for reconsideration of the denial of his motion to amend that he filed in the District Court on February 6, 2012. See USA v. Zierke, Civil No. 12-1511 (8th Cir. March 2, 2012). On April 10, 2012, the appellate court found no errors and affirmed the judgment of the

District Court. Id.

On July 19, 2012, Zierke filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he again challenges his 2009 conviction and sentence. (Doc. 1, petition).

**Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See e.g. United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Zierke clearly maintains that his federal conviction and sentence violates his constitutional rights.

Section 2255 provides, in part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e) (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488

U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in another court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It is the petitioner's burden to prove that § 2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Zierke has not met this burden.

Zierke filed a prior motion pursuant to § 2255 in the United States District Court for the District of Nebraska; but, there is no record that he has requested permission from the United States District Court of Appeals for the Eighth Circuit for leave to file a successive petition.

Thus, there remains that possibility that Zierke would be granted permission by the Eighth Circuit Court of Appeals to file a successive § 2255 motion, if appropriate. Consequently, the Court will dismiss Zierke's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion in the appropriate court.

A separate Order will be issued.

Dated: December 13, 2012

_____
**United States District Judge**