UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY A. ZIERKE, | : CIVIL ACTION NO. 3:CV-12-1394 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| DAVID J. EBBERT, | : |
| Respondent | : |

**FILED SCRANTON**
SEP 0 9 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Gary A. Zierke, an inmate currently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the District of Nebraska. By Memorandum and Order dated December 13, 2012, the petition for writ of habeas corpus was dismissed for lack of jurisdiction. (Docs. 11, 12). Presently before the Court is Petitioner's motion for reconsideration of this Court's December 13, 2012 Memorandum and Order. (Doc. 13).

For the reasons set forth below, Petitioner's motion for reconsideration of this Court's Order will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995),

vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or to argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's December 13, 2012 Memorandum and Order dismissing the petition for writ of habeas corpus, reveals that the following was concluded:

> To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.
>
> It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States,

3

243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Syrkett has not met this burden.

> Although Zierke has filed a prior motion pursuant to § 2255 in the United States District Court for the District of Nebraska, there is no record that he has requested permission from the United States District Court of Appeals for the Eighth Circuit for leave to file a successive petition. Thus, there remains that possibility that Zierke would be granted permission by the Eighth Circuit Court of Appeals to file a successive § 2255 motion, if appropriate. Consequently, the Court will dismiss Zierke's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion.

(Doc. 11, Memorandum).

Zierke's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. He claims in his motion for reconsideration, that he has "already filed for permission to file a successive 2255 motion" and "in fact, the United States prosecutor in their response conceded to the facts presented in [Petitioner's] 2241 petition" and "he went as far as stating he was a witness in [Petitioner's] case" (Doc. 13).

This Court's search of the Public Access to Court Electronic Records ("PACER") system, revealed that on June 25, 2013, Zierke filed a petition for permission to file a successive habeas petition in the United States Court of

4

Appeals for the Eighth Circuit. See Zierke v. United States, No. 13-2384. The petition is currently pending before the Eighth Circuit. Id. Thus, there remains the possibility that Petitioner may be granted an opportunity to file a successive § 2255 motion.

However, should the Eighth Circuit deny Petitioner's application to file a second or successive petition, the United States Court of Appeals for the Third Circuit has made it clear that simple inability to "meet the stringent gatekeeping requirements" does not permit the Petitioner in this case to proceed under section 2241 in order to avoid those requirements. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). See also United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."); Robinson v. Johnson, 313 F.3d 128, 139 ("When a second or successive petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). As

such, in the absence of an order authorizing the filing of this second or successive petition, this Court lacks jurisdiction to entertain it.

Consequently, Zierke's motion for reconsideration does not raise or set forth any arguments that call into question this Court's Order of December 13, 2012. That Order is not troubled by manifest errors of law or fact and Zierke has not presented anything new, which if previously presented, might have affected the Court's decision. Accordingly, the motion for reconsideration will be denied.

Dated: September 9, 2013

_____
**United States District Judge**